# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DOUGLAS HORNEMAN,

          Appellant,

      v.

DEPARTMENT OF VETERANS
   AFFAIRS,

          Agency.

DOCKET NUMBER
DE-4324-15-0102-X-1

DATE: December 21, 2022

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Michael W. Macomber, Esquire, Albany, New York, for the appellant.

Alfred Steinmetz, Esquire, Phoenix, Arizona, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1      This case is before the Board on the appellant's petition to enforce the parties' settlement agreement resolving his appeal under the Uniformed Services

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

Employment and Reemployment Rights Act. For the reasons discussed below, we now find the agency in compliance and DISMISS the petition for enforcement. We also FORWARD the appellant's motion for attorney fees and litigation expenses to the Denver Field Office for adjudication under 5 C.F.R. § 1201.203.

### DISCUSSIONS OF ARGUMENTS AND EVIDENCE ON REVIEW

On April 13, 2018, the Board directed the agency to provide evidence showing that it properly calculated and compensated the appellant for back pay and interest on back pay, as well as information regarding the appellant's retirement earnings. *Horneman v. Department of Veterans Affairs*, MSPB Docket No. DE-4324-15-0102-X-1, Compliance Referral File (CRF), Tab 5. In response, the agency produced spreadsheets from the Defense Finance and Accounting Services showing the back pay calculations by pay period, *id.* at 45-144, as well as a back pay computation summary report from the Office of Personnel Management's Back Pay Calculator, *id.* at 146-69. In addition, the agency's Chief Finance Officer at the Phoenix Veterans Affairs Health Care System provided a declaration in which he explained the abbreviations and codes on the spreadsheets and summary report. *Id.* at 5-11. He specifically addressed the appellant's retirement deductions and Thrift Savings Plan withholdings. *Id.* at 10-11.

On July 24, 2018, the appellant submitted a pleading in which he stated that he was "satisfied that the agency has finally provided information as to how the amount of pay and interest was calculated and whether the Agency has corrected [the appellant's] earning records for purposes of calculation of his retirement contribution." CRF, Tab 7 at 7.

In light of the agency's response and the appellant's stated satisfaction with the agency's compliance, we find the agency in compliance and dismiss the petition for enforcement. This is the final decision of the Merit Systems

Protection Board in this compliance proceeding. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

¶5    We further forward the appellant's motion for attorney fees and litigation expenses to the Denver Field Office for adjudication.[2]

### NOTICE TO THE APPELLANT REGARDING YOUR RIGHT TO REQUEST ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs.  To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g).  The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203.  If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

---

[2] In the October 17, 2017 compliance initial decision granting the appellant's petition for enforcement, the administrative judge informed the appellant that, if no petition for review was filed, he could request attorney fees by filing a motion with the Denver Field Office as soon as possible but no later than 60 days after the date the initial decision became final, i.e., November 24, 2017. *Horneman v. Department of Veterans Affairs*, MSPB Docket No. DE-4324-15-0102-C-1, Compliance File, Tab 25, Compliance Initial Decision at 15, 19.  On January 23, 2018, the appellant filed, in this compliance referral file, MSPB Docket No. DE-4324-15-0102-X-1, a motion for attorney fees and litigation expenses incurred in the compliance proceeding.  CRF, Tab 4.  In addition, on July 24, 2018, he filed, again in the compliance referral file, a "Renewed Motion" for attorney fees and litigation expenses.  CRF, Tab 7.  As the appellant's request for attorney fees and litigation expenses arise from the compliance proceeding adjudicated by the administrative judge in the Denver Field Office, the motion for attorney fees must be filed with the Denver Field Office, not with the Board. *See* 5 C.F.R. § 1201.203(c).  Accordingly, we forward the appellant's January 23, 2018 request for attorney fees and litigation expenses and his July 24, 2018 renewed request to the Denver Field Office for processing under 5 C.F.R. § 1201.203.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and

to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[4]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: /s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.